UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**NICK'S GARAGE, INC.,**

                                                Plaintiff,

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY; NATIONAL CONTINENTAL INSURANCE COMPANY; PROGRESSIVE ADVANCED INSURANCE COMPANY; PROGRESSIVE DIRECT INSURANCE COMPANY; PROGRESSIVE MAX INSURANCE COMPANY; PROGRESSIVE NORTHERN INSURANCE COMPANY; PROGRESSIVE PREFERRED INSURANCE COMPANY; and PROGRESSIVE SPECIALTY INSURANCE COMPANY**

                                                Defendants.
_____

                                  **AMENDED COMPLAINT**

                                  Civil Action No.: 5:12-cv-777
                                           (MAD/DEP)

      Plaintiff, Nick's Garage, Inc. ("Nick's Garage"), by and through its attorneys, Bousquet Holstein PLLC, as and for its Amended Complaint against Progressive Casualty Insurance Company; National Continental Insurance Company; Progressive Advanced Insurance Company; Progressive Direct Insurance Company; Progressive Max Insurance Company; Progressive Northern Insurance Company; Progressive Preferred Insurance Company and Progressive Specialty Insurance Company, ("Defendants"), hereby states and alleges as follows:

      1.     Plaintiff, Nick's Garage is a New York corporation with a principal place of business at 638 West Genesee Street, Syracuse, New York 13204.

      2.     Defendant, Progressive Casualty Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

3. Defendant, Progressive Advanced Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

4. Defendant, Progressive Direct Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

5. Defendant, Progressive Max Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

6. Defendant, Progressive Northern Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

7. Defendant, Progressive Preferred Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

8. Defendant, Progressive Specialty Insurance Company is an insurance company organized under the laws of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

9. Defendant, National Continental Insurance Company is an insurance company organized under the law of the state of Ohio with a principal place of business at 6300 Wilson Mills Road W33, Mayfield Village, Ohio 44143.

10.     Upon information and belief, Defendants engage in the business of selling motor vehicle property damage insurance in New York.

## FACTS COMMON TO ALL CAUSES OF ACTION:

11.     Plaintiff is the assignee of claims by the following persons ("Assignors"), each of whom was in a motor vehicle accident involving an insured of Defendants as indicated below:

|  | Assignor | Defendant's Insured | Policy No. | Vehicle Vin No. (collectively, the "Vehicles") |
|---|---|---|---|---|
| i | Angelo, Michael | Angelo, Michael | 06136013-0 | 4T1BF32KX5U603122 |
| ii | Birnbaum, Irwin | Birnbaum, Irwin |  | 4M2CU97108KJ42895 |
| iii | Birnbaum, Irwin | Birnbaum, Irwin |  | 4M2CU97108KJ42895 |
| iv | Burgess, James | Burgess, James | 45834352-0 | 1G1ZB5E13BF111151 |
| v | Burgess, James | Burgess, James |  | 1G1ZB5E13BF111151 |
| vi | Christy, Daniel | Christy, Daniel | 19854576-3 | 5TEUU42N85Z072626 |
| vii | Cohen, Michael | Cohen, Michael | 15218568-G | 1GNET13H962268487 |
| viii | Coogan, Eamon | Coogan, Eamon | 18099497-6 | JF1SG69627G725752 |
| ix | Cornell, James | Cornell, James | 19794899-8 | 2D4RN5D19AR135903 |
| x | Cummings, Katrina | Cummings, Katrina | 46045893-4 | KMHDU46D37U152621 |
| xi | Davey, Michael | Davey, Michael | 46101503-1 | 1N4DL01D11C176345 |
| xii | Delpha, Diane | Delpha, Diane | 18182879-3 | 2G2WP552271101850 |
| xiii | Granozio, Alex | Granozio, Alex |  | 2HGFA16568H517537 |
| xiv | Guntrum, Sara | Guntrum, Sara | 20001567-7 | 5TDBT44A46S273569 |
| xv | Hart, Christopher | Hart, Christopher | 17842602-7 | 2G2WP522641256269 |
| xvi | Heffernan, Susan | Heffernan, Susan | 75035921-8 | WVWAK73C88P045333 |
| xvii | Hickes, Carol | Hickes, Carol | 46434734-0 | WAULC68E65A093712 |
| xviii | Hollenbeck, Joshua | Hollenbeck, Joshua | 46045893-2 | 3FAHP0HA1AR247482 |
| xix | McFarland, Pamela | McFarland, Pamela | 18158945-6 | JHLRE48747C040451 |
| xx | McGee, Michael | McGee, Michael | 46187127-3 | 1FTPW14517FA76911 |
| xxi | McLeod, Celestine | McLeod, Celestine | 46411982-0 | 1GNDV23118D156076 |
| xxii | O'Connor, Kelly | O'Connor, Kelly | 46059680-4 | 2S3DA417086123139 |
| xxiii | O'Connor, Kelly | O'Connor, Kelly | 46059680-4 | 2S3DA417086123139 |
| xxiv | Reschke, Christine | Reschke, Christine | 18046560 | 1FAFP34P63W235797 |

3

| xxv | Rivera, Emily | Rivera, Emily | 46101351-1 | 3MEHM08169R600151 |
| xxvi | Ross, Leslie | Ross, Leslie | | KMHDU46D47U155852 |
| xxvii | Saccocci, Mark | Saccocci, Mark | 15853897-6 | 1G1AL15FX77258437 |
| xxviii | Warner, Neil | Warner, Neil | 19778876-3 | 1GNDT13S532258767 |
| xxix | Wolfe, Chris | Wolfe, Chris | | 1B3HE78K97D236699 |
| xxx | Difusco, Richard | Briggs, Gary | | YF3FB42Y791016680 |
| xxxi | Feyh, Julie | Revere, Garrett | | JF2SH61699H784329 |
| xxxii | Kidder, Robert | Kresse, Joseph | | JNKCY01F69M851104 |
| xxxiii | Licamele, Danielle | Conklin, Paul | | 4A3AB56F77E022207 |
| xxxiv | Manning, Daniel | Letourneau, Aubrey | 46191918-1 | JN8AS5MV9AW107049 |
| xxxv | Martinez, Laurie | Melton, Emanuel | | 2HGES16354H567816 |
| xxxvi | Moulter, Lee | Walsh, Timothy | | KMDH4AEXCU321970 |
| xxxvii | Pyrtle, Cynthia | Askew, Rachel | | 1FMYU94165KB08788 |
| xxxviii | Schwarz, Timothy | Gasiorowski, Scott | | 1N4CL21E98C166298 |
| xxxix | Spagnola, Mary | Stephens, Michele | | 1YVHP80C055M52722 |
| xl | Thompson, Dana | Vescio, Samantha | | 1N4AL11E55C250356 |

12. At all relevant times to this Complaint, the relevant policies for each of Defendant's insureds listed above (collectively, the "Policies") were in effect.

13. The Policies were standard form insurance policies.

14. The Assignors assigned to Plaintiff their property damage claims against Defendant in connection with the Claim Number and Date of Loss specified below and the associated repairs of the Vehicles.

15. The Assignors were involved in motor vehicle accidents resulting in property damage to the Vehicles (the "Accidents"), for which property damage claims were made against the Defendants as follows:

| | Assignor | Policy No. | Claim No.: | Date of Loss |
|---|---|---|---|---|
| i | Angelo, Michael | 06136013-0 | 08-4309045-01 | 3/11/2008 |
| ii | Birnbaum, Irwin | | 10-4643050-01 | 10/19/2010 |

4

| | | | | |
|---|---|---|---|---|
| iii | Birnbaum, Irwin | | 11-5900605-01 | 1/4/2011 |
| iv | Burgess, James | 45834352-0 | 11-2946809-01 | 10/17/2011 |
| v | Burgess, James | | 11-2357199-01 | 12/22/2011 |
| vi | Christy, Daniel | 19854576-3 | 08-3024941-01 | 8/13/2008 |
| vii | Cohen, Michael | 15218568-G | 08-5641854-01 | 11/19/2008 |
| viii | Coogan, Eamon | 18099497-6 | 08-4530832-01 | 8/23/2008 |
| ix | Cornell, James | 19794899-8 | 10-1736448-01 | 9/9/2010 |
| x | Cummings, Katrina | 46045893-4 | 11-1700799-01 | 1/7/2011 |
| xi | Davey, Michael | 46101503-1 | 10-4200131-01 | 1/2/2010 |
| xii | Delpha, Diane | 18182879-3 | 07-4942477-01 | 11/19/2007 |
| xiii | Granozio, Alex | | 11-4725071-01 | 6/1/2011 |
| xiv | Guntrum, Sara | 20001567-7 | 11-1508610-01 | 2/25/2011 |
| xv | Hart, Christopher | 17842602-7 | 08-5406690-01 | 2/21/2008 |
| xvi | Heffernan, Susan | 75035921-8 | 10-1542723-01 | 10/18/2010 |
| xvii | Hickes, Carol | 46434734-0 | 11-5035816-01 | 8/11/2011 |
| xviii | Hollenbeck, Joshua | 46045893-2 | 10-4803568-01 | 1/28/2010 |
| xix | McFarland, Pamela | 18158945-6 | 11-5344640-01 | 10/14/2011 |
| xx | McGee, Michael | 46187127-3 | 11-2529498-01 | 7/6/2011 |
| xxi | McLeod, Celestine | 46411982-0 | 10-3151019-01 | 12/12/2010 |
| xxii | O'Connor, Kelly | 46059680-4 | 11-5404467-01 | 2/1/2011 |
| xxiii | O'Connor, Kelly | 46059680-4 | 11-5404467-01 | 2/1/2011 |
| xxiv | Reschke, Christine | 18046560 | 08-1412118-01 | 4/4/2008 |
| xxv | Rivera, Emily | 46101351-1 | 11-4311779-01 | 3/21/2011 |
| xxvi | Ross, Leslie | | 122401907 | 1/13/2012 |
| xxvii | Saccocci, Mark | 15853897-6 | 10-4507270-01 | 2/25/2010 |
| xxviii | Warner, Neil | 19778876-3 | 08-3119614-01 | 6/2/2008 |
| xxix | Wolfe, Chris | | 11-3508274-01 | 2/25/2011 |
| xxx | Difusco, Richard | | 11-1636188-02 | 8/1/2011 |
| xxxi | Feyh, Julie | | 11-3739169-02 | 9/1/2011 |
| xxxii | Kidder, Robert | | 10-5951565-02 | 12/17/2010 |
| xxxiii | Licamele, Danielle | | 10-4226057-02 | 7/2/2010 |
| xxxiv | Manning, Daniel | 46191918-1 | 10-1416833-01 | 5/3/2010 |
| xxxv | Martinez, Laurie | | 11-5103861-02 | 1/27/2011 |
| xxxvi | Moulter, Lee | | 11-3357518-02 | 12/23/2011 |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

| xxxvii | Pyrtle, Cynthia  | | 11-2804908-02 | 2/3/2011   |
|--------|------------------|---|---------------|------------|
| xxxviii| Schwarz, Timothy | | 10-4312118-05 | 3/30/2010  |
| xxxix  | Spagnola, Mary   | | 11-2456583-02 | 12/18/2011 |
| xl     | Thompson, Dana   | | 10-4749884-02 | 12/9/2010  |

16. In the case of Assignors (i) – (xxix), (the "First Party Assignors"), the respective Policies provided insurance coverage for property damage to the automobiles listed above as indicated.

17. For each of the First Party Assignors, Defendants provided partial payment on the property damage claims specified above for the repairs arising out of the Accidents.

18. For Assignors (xxx) – (xl) (the "Third Party Assignors"), the Accident was a multi-vehicle accident caused solely by the negligence of Defendants' Insured, or another person operating another vehicle with the permission of Defendants' Insured, and Defendants admitted liability by providing partial payment for repairs on the Third Party Assignors' Vehicles.

19. In each case, Defendants were obligated to provide enough coverage to restore the Vehicles to the same condition they were in immediately prior to the Accidents.

20. Each of the Assignors took their respective Vehicle to Plaintiff for repairs.

21. Each of the Assignors made Plaintiff his/her Designated Representative as provided for by regulation.

22. With respect to each of the Vehicles, Plaintiff provided the Defendants with Estimates that reflected the amount necessary to return the respective Vehicle to its pre-Accident condition.

23. With respect to each of the Vehicles, the Defendants provided Plaintiff with copies of its Estimate for Repairs (the "Insure Estimates").

6

24.     The Insurer's Estimates were insufficient to repair the Vehicles to their pre-Accident condition and in compliance with the New York State Insurance Laws and Regulations.

**Defendants' Claims Practices**

25.     In preparing the Insurer Estimates and in the estimating process, Defendants used improper and inappropriate methods in determining the number of hours of labor for which they were willing to pay in connection with the repairs of the Vehicles, including without limitation refusing to pay for necessary steps in a given repair, refusing to allow hours for items which were recommended by the manufacturer guidelines and/or best practices, and refusing to adjust for additional time in repairs needed above and beyond that suggested in the estimating software which were needed due to differences between the repair times for new and undamaged parts contained in the estimating software and the repair times required in collision situations such as those with the Vehicles and Claims listed above.

26.     In preparing the Insurer Estimates and responding to Plaintiff's Estimates, Defendants also arbitrarily set price caps on the amount it would pay per unit for labor for the repairs to the Vehicles.

27.     The capped rates Defendants set for labor were far below the market rate.

28.     In preparing the Insurer Estimates, Defendants at times insisted on using non-Original Equipment Manufacturer ("non-OEM") parts even when those parts are known to be unequal in quality to the OEM parts or otherwise did not meet the applicable contractual obligations and state law regarding use of non-OEM parts.

29.  In preparing the Insurer Estimates, Defendants refused to negotiate on itemized lists of paint materials but instead insisted on reimbursing paint materials pursuant to a formula that was based on the paint-related labor.

30.  As a result of the above described policies, practices, and procedures, the Insurer's Estimates were insufficient to provide sufficient coverage to repair the Vehicles to their pre-Accident condition, as Defendant was obligated to do.

31.  Upon information and belief, in the case of some or all of the Vehicles, repairs, and claim numbers specified above, Defendant represented to the customer that another repair shop would repair the vehicle to its pre-accident condition for the amount in Defendant's Estimates, when in fact no other repair shop had inspected the Vehicles and, to the extent any other repair shop had an agreement to do work generally for State Farm, that agreement was subject to the right to supplement above and beyond Defendant's Estimates.

32.  On or about the following dates, Plaintiff served upon Defendants Notices of Deficiencies (the "Notice") informing Defendants that there were omitted and/or insufficient items and that an agreed upon amount had not been reached for the repairs:

|  | Assignor | Policy No. | Date of Notice of Deficiency |
|---|---|---|---|
| i | Angelo, Michael | 06136013-0 | 3/24/2008 |
| ii | Birnbaum, Irwin |  | 12/8/2010 |
| iii | Birnbaum, Irwin |  | 3/1/2011 |
| iv | Burgess, James | 45834352-0 | 11/8/2011 |
| v | Burgess, James |  | 1/16/2012 |
| vi | Christy, Daniel | 19854576-3 | 9/24/2008 |
| vii | Cohen, Michael | 15218568-G | 12/4/2008 |
| viii | Coogan, Eamon | 18099497-6 | 10/2/2008 |
| ix | Cornell, James | 19794899-8 | 10/5/2010 |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

| | | | |
|---|---|---|---|
| x | Cummings, Katrina | 46045893-4 | 1/25/2011 |
| xi | Davey, Michael | 46101503-1 | 3/2/2010 |
| xii | Delpha, Diane | 18182879-3 | 12/10/2007 |
| xiii | Granozio, Alex | | 6/27/2011 |
| xiv | Guntrum, Sara | 20001567-7 | 3/31/2011 |
| xv | Hart, Christopher | 17842602-7 | 2/27/2008 |
| xvi | Heffernan, Susan | 75035921-8 | 11/9/2010 |
| xvii | Hickes, Carol | 46434734-0 | 10/26/2011 |
| xviii | Hollenbeck, Joshua | 46045893-2 | 3/29/2010 |
| xix | McFarland, Pamela | 18158945-6 | 11/29/2011 |
| xx | McGee, Michael | 46187127-3 | 7/26/2011 |
| xxi | McLeod, Celestine | 46411982-0 | 1/12/2011 |
| xxii | O'Connor, Kelly | 46059680-4 | 3/4/2011 |
| xxiii | O'Connor, Kelly | 46059680-4 | 10/31/2011 |
| xxiv | Reschke, Christine | 18046560 | 4/10/2008 |
| xxv | Rivera, Emily | 46101351-1 | 4/18/2011 |
| xxvi | Ross, Leslie | | 1/31/2012 |
| xxvii | Saccocci, Mark | 15853897-6 | 4/5/2010 |
| xxviii | Warner, Neil | 19778876-3 | 6/24/2008 |
| xxix | Wolfe, Chris | | 3/22/2011 |
| xxx | Difusco, Richard | | 9/6/2011 |
| xxxi | Feyh, Julie | | 10/14/2011 |
| xxxii | Kidder, Robert | | 2/21/2011 |
| xxxiii | Licamele, Danielle | | 7/19/2010 |
| xxxiv | Manning, Daniel | 46191918-1 | 5/18/2010 |
| xxxv | Martinez, Laurie | | 2/24/2011 |
| xxxvi | Moulter, Lee | | 1/23/2012 |
| xxxvii | Pyrtle, Cynthia | | 2/18/2011 |
| xxxviii | Schwarz, Timothy | | 4/27/2010 |
| xxxix | Spagnola, Mary | | 1/19/2012 |
| xl | Thompson, Dana | | 12/28/2010 |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

33. The amount stated in the Notices was in each case the difference between what Defendants paid for the repairs and the amount that was necessary to repair the Vehicle to its pre-accident condition.

34. Defendants impeded and delayed fair settlement by, among other things, dictating and allocating price allowances, setting arbitrary price caps, refusing to negotiate in good faith on labor rates, refusing to pay appropriate amounts for paint materials and parts, and in many cases by failing to inspect or re-inspect the Vehicles within the time frames specified by regulation.

**Payment and Amount Owed**

35. Plaintiff completed the repairs to the Vehicles to restore them to the same condition they were in immediately prior to the loss.

36. In each of the above referenced claims of the Assignors, Defendants made only a partial payment and failed to pay Plaintiff for the full amount required to put the respective Vehicle into its pre-accident condition.

37. In total, deficiencies of the following amounts remain due and owing to Plaintiff from Defendants as a result of its repairs to the Vehicles (the "Deficiency")

|       | Assignor         | Policy No. | Deficiency Amount |
|-------|------------------|------------|-------------------|
| i     | Angelo, Michael  | 06136013-0 | $1,973.69         |
| ii    | Birnbaum, Irwin  |            | $2,878.31         |
| iii   | Birnbaum, Irwin  |            | $3,082.71         |
| iv    | Burgess, James   | 45834352-0 | $3,856.31         |
| v     | Burgess, James   |            | $2,304.61         |
| vi    | Christy, Daniel  | 19854576-3 | $3,876.22         |
| vii   | Cohen, Michael   | 15218568-G | $1,938.34         |
| viii  | Coogan, Eamon    | 18099497-6 | $2,849.95         |

10

| | | | |
|---|---|---|---|
| ix | Cornell, James | 19794899-8 | $2,260.28 |
| x | Cummings, Katrina | 46045893-4 | $2,222.53 |
| xi | Davey, Michael | 46101503-1 | $1,732.02 |
| xii | Delpha, Diane | 18182879-3 | $3,035.42 |
| xiii | Granozio, Alex | | $1,563.75 |
| xiv | Guntrum, Sara | 20001567-7 | $2,578.91 |
| xv | Hart, Christopher | 17842602-7 | $508.47 |
| xvi | Heffernan, Susan | 75035921-8 | $2,607.12 |
| xvii | Hickes, Carol | 46434734-0 | $2,716.63 |
| xviii | Hollenbeck, Joshua | 46045893-2 | $4,482.22 |
| xix | McFarland, Pamela | 18158945-6 | $2,387.90 |
| xx | McGee, Michael | 46187127-3 | $3,208.60 |
| xxi | McLeod, Celestine | 46411982-0 | $1,159.80 |
| xxii | O'Connor, Kelly | 46059680-4 | $2,816.34 |
| xxiii | O'Connor, Kelly | 46059680-4 | $157.93 |
| xxiv | Reschke, Christine | 18046560 | $3,911.04 |
| xxv | Rivera, Emily | 46101351-1 | $2,372.33 |
| xxvi | Ross, Leslie | | $1,707.09 |
| xxvii | Saccocci, Mark | 15853897-6 | $2,414.48 |
| xxviii | Warner, Neil | 19778876-3 | $2,265.33 |
| xxix | Wolfe, Chris | | $1,773.85 |
| xxx | Difusco, Richard | | $2,302.87 |
| xxxi | Feyh, Julie | | $3,288.12 |
| xxxii | Kidder, Robert | | $1,039.29 |
| xxxiii | Licamele, Danielle | | $1,655.02 |
| xxxiv | Manning, Daniel | 46191918-1 | $3,297.72 |
| xxxv | Martinez, Laurie | | $1,302.38 |
| xxxvi | Moulter, Lee | | $2,146.59 |
| xxxvii | Pyrtle, Cynthia | | $2,066.98 |
| xxxviii | Schwarz, Timothy | | $2,640.11 |
| xxxix | Spagnola, Mary | | $2,003.17 |
| xl | Thompson, Dana | | $1,750.62 |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

## FIRST CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 37 as if fully set forth herein.

39. Each of the First Party Assignors was in privity of contract with Defendants as a result of the Policies specified above.

40. Pursuant to the Policies, Defendants were obligated to provide sufficient coverage to restore the Vehicles of the First Party Assignors to their pre-accident condition.

41. Defendants have refused to pay the itemized Deficiencies for repairs on the First Party Assignors' Vehicles in the amount of $70,642.18, and thereby violated its contractual obligation under the Policies.

42. Defendants' refusal damaged the First Party Assignors, who were billed for the full amount necessary to repair their Vehicles to their pre-accident condition, and who had to take steps to satisfy that obligation before release of their Vehicles.

43. As set forth above, Plaintiff is the assignee of the First Party Assignors.

44. As a result of the foregoing, Plaintiff is entitled to damages from Defendants in the amount of $70,642.18, together with interest at the statutory rate.

## SECOND CAUSE OF ACTION

45. Plaintiff repeats and realleges each and every allegation heretofore made in paragraphs 1 through 44 as if fully set forth herein.

46. Plaintiff has had numerous dealings with Defendants over the years involving claims by consumer customers of Plaintiff's against Defendants for coverage for automobile repairs.

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

47. Defendants frequently provide a lower estimate of the cost of repairs than that which is actually required to repair a given vehicle to its pre-loss condition and engages in the unfair claims practices described above, including the inappropriate methods of determining the number of hours of labor, the arbitrary capping of labor rates, the improper practices regarding payment for paint materials and for the use of OEM versus non-OEM parts, and the misrepresentation regarding the availability of another repair shop that would put the vehicle to its pre-accident condition for the amount in Defendant's Estimate.

48. With respect to each of the following Assignors, Defendants violated General Business Law §349 by engaging in unfair claims practices as described above and arbitrarily and improperly refused to pay the following amounts, which were necessary to repair the relevant Vehicle to its pre-accident condition:

|  | Assignor | Date of Notice of Deficiency | Deficiency Amount |
|---|---|---|---|
| i. | Birnbaum, Irwin | 12/8/2010 | $2,878.31 |
| ii. | Birnbaum, Irwin | 3/1/2011 | $3,082.71 |
| iii. | Burgess, James | 11/8/2011 | $3,856.31 |
| iv. | Burgess, James | 1/16/2012 | $2,304.61 |
| v. | Cornell, James | 10/5/2010 | $2,260.28 |
| vi. | Cummings, Katrina | 1/25/2011 | $2,222.53 |
| vii. | Davey, Michael | 3/2/2010 | $1,732.02 |
| viii. | Granozio, Alex | 6/27/2011 | $1,563.75 |
| ix. | Guntrum, Sara | 3/31/2011 | $2,578.91 |
| x. | Heffernan, Susan | 11/9/2010 | $2,607.12 |
| xi. | Hickes, Carol | 10/26/2011 | $2,716.63 |
| xii. | Hollenbeck, Joshua | 3/29/2010 | $4,482.22 |
| xiii. | McFarland, Pamela | 11/29/2011 | $2,387.90 |
| xiv. | McGee, Michael | 7/26/2011 | $3,208.60 |
| xv. | McLeod, Celestine | 1/12/2011 | $1,159.80 |

Bousquet Holstein PLLC • 110 West Fayette Street, Suite 900 • Syracuse, New York 13202 • (315) 422-1391

| xvi. | O'Connor, Kelly | 3/4/2011 | $2,816.34 |
|---|---|---|---|
| xvii. | O'Connor, Kelly | 10/31/2011 | $157.93 |
| xviii. | Rivera, Emily | 4/18/2011 | $2,372.33 |
| xix. | Ross, Leslie | 1/31/2012 | $1,707.09 |
| xx. | Saccocci, Mark | 4/5/2010 | $2,414.48 |
| xxi. | Wolfe, Chris | 3/22/2011 | $1,773.85 |
| xxii. | Difusco, Richard | 9/6/2011 | $2,302.87 |
| xxiii. | Feyh, Julie | 10/14/2011 | $3,288.12 |
| xxiv. | Kidder, Robert | 2/21/2011 | $1,039.29 |
| xxv. | Licamele, Danielle | 7/19/2010 | $1,655.02 |
| xxvi. | Manning, Daniel | 5/18/2010 | $3,297.72 |
| xxvii. | Martinez, Laurie | 2/24/2011 | $1,302.38 |
| xxviii. | Moulter, Lee | 1/23/2012 | $2,146.59 |
| xxix. | Pyrtle, Cynthia | 2/18/2011 | $2,066.98 |
| xxx. | Schwarz, Timothy | 4/27/2010 | $2,640.11 |
| xxxi. | Spagnola, Mary | 1/19/2012 | $2,003.17 |
| xxxii. | Thompson, Dana | 12/28/2010 | $1,750.62 |

49.     Defendants' limitation of costs was a material deceptive action because it knew when it made its limitation that it was not providing the full amount necessary to restore the Vehicles to their pre-Accident condition.

50.     Defendants' actions in purporting to negotiate in good faith when it was in fact they were not were material deceptive actions.

51.     Defendants' actions create a misperception that Defendants' Estimates would result in the Vehicles being adequately and properly repaired, when in fact they would not be had they been repaired per Defendants' Estimates.

52.     Defendants misrepresented that they had other repair shops which had agreed to repair each of the Vehicles to their pre-accident condition for the amount in Defendants'

14

Estimates, when in fact no other shop had inspected the Vehicles and any other shop Defendant recommended would have retained the right to seek additional supplements after inspection of the Vehicles for increases above Defendants' Estimates.

53. Defendants' actions have an overall impact in the industry of pressuring repair shops to "cut corners" and make improper repairs in an effort to accomplish the repairs at the rate Defendants are willing to reimburse.

54. Defendants' failure to negotiate all elements of the claim and its action and overall pattern of conduct as described herein constitute a deceptive business practice within the meaning of General Business Law §349.

55. The Assignors have been injured because they were charged for the full amount necessary to repair their Vehicles to their pre-accident condition and had to satisfy that obligation in some manner before release of the Vehicles, but were not provided with full coverage for that amount from Defendants.

56. Plaintiff has been injured because Plaintiff has not been paid the full cost of the repairs that were completed on the Vehicles.

57. As a result of the forgoing, Defendants have violated General Business Law §349 and Plaintiff is entitled to actual damages for each violation provided herein, totaling $73,776.59, and reasonable attorneys' fees as damages for each violation.

WHEREFORE, Plaintiff respectfully submits that this Court enter an Order and Judgment awarding Plaintiff the following:

a)  On its First Cause of Action in the amount of $70,642.18;

b)  On its Second Cause of Action in the amount of $73,776.59 and reasonable attorneys' fees; and

c)  Such other and further relief as the Court deems just and proper.


Dated: September 23, 2013          BOUSQUET HOLSTEIN PLLC

                                   _____
                                   Lawrence M. Ordway, Jr., Esq.
                                   Bar Roll No.: 509310
                                   Victor L. Prial, Esq.
                                   Bar Roll No.: 512024
                                   Attorneys for Plaintiff
                                   110 West Fayette Street, Suite 900
                                   Syracuse, New York 13202
                                   Telephone: (315) 422-1391


TO:   Veronica M. Wayner, Esq.
      Bar Roll No.: 518265
      Nelson Levine de Luca & Hamilton, LLC
      Attorneys for Defendants
      One Battery Park Plaza, 32nd Floor
      New York, New York 10004


2087419_1

16